WILLIAM H. HALE, Respondent, v. JOHN P. WORSTELL et al., Appellants.

1. CIVIL SERVICE — CONSTITUTION, ART. 5, § 9 — PROMOTIONS — TRANSFERS. Under the Constitution (Art. 5, § 9), appointments and promotions in the civil service of the state and of the civil divisions thereof must be made according to merit and fitness, to be ascertained, so far as practicable, by competitive examination; a promotion is an advancement to a higher position, an elevation, a preferment; promotions under the name of transfers are evasions and illegal and contrary to the express terms of the Constitution; if the practical working of the civil service requires a transfer of one engaged therein, such transfer can only be made when it does not in fact constitute a promotion.

2. SAME. Where two employees of departments in the city of New York appointed to positions from the eligible list, at that time certified by the municipal civil service commission, were afterward transferred from such positions to others with more important duties and at higher salaries, without examination, such transfers were promotions, both in the grade of work to be done and in the compensation to be received therefor; and where such transfers were made by the appointing officer without any request to the municipal civil service commission for the certification of

the names of those eligible to be appointed or promoted to such advanced positions, and no such certification was ever made, although there was at the time such a list upon which the names of the employees, so advanced, did not appear among the three highest eligible to appointment or promotion, one being the seventeenth on such list and the other the seventh, such appointments were promotions under the guise of transfers, and are, therefore, unconstitutional and void.

*Hale* v. *Worstell*, 107 App. Div. 624, affirmed.

(Argued March 22, 1906; decided May 25, 1906.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered September 5, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

In May, 1899, John P. Worstell was appointed a bath attendant in the borough of Manhattan, New York, at an annual salary of $900, upon the certification of his name to the appointing officer as at the head of the eligible list of bath attendants. In July, 1900, he was transferred as a bath attendant from the borough of Manhattan to the borough of Brooklyn. On or about July 6th, 1903, he was at the request of the appointing officer transferred to the position of assistant superintendent of public baths and comfort stations in the borough of Brooklyn at an annual salary of $1,500. A certificate was issued by the municipal civil service commission that such transfer was made agreeable to the provisions of rule 40 of said commission, and such transfer was noted upon the records of said municipal civil service commission, and he assumed and performed the duties of the position until December 2nd, 1903, when he was, at the request of the appointing officer, transferred to the position of superintendent of public baths and comfort stations at an annual salary of $2,500. A certificate was again issued by the municipal civil service commission that such transfer was made agreeable to the provisions of said rule 40, and a record of such transfer was noted upon the records of such civil service commission. At the time of each of said transfers said civil service commission had a list of persons eligible to be

*appointed or promoted* to the positions of superintendent of public baths and comfort stations and assistant superintendent of public baths and comfort stations of the borough of Brooklyn, prepared by them after competitive examination on which list said Worstell was No. 7. The case was tried upon an agreed statement of facts. The statement of facts and findings of the court that Worstell was the seventh on the list of persons eligible for *promotion* is unqualified. There is nothing to show that the six persons ahead of Worstell on the eligible list were not all, at the time of Worstell's transfer, employees of the municipality and "persons holding positions in a lower grade in the department, office or institution in which the vacancy exists," and no claim to the contrary was made by the appellants in this court.

On or about April 15, 1903, Joseph P. McNamara was appointed a third grade clerk in the bureau of buildings, borough of Brooklyn, New York, at an annual salary of $1,050, and his appointment was recorded upon the records of the municipal civil service commission. On December 29th, 1903, McNamara, at the request of the appointing officer, was transferred to the position of assistant superintendent of public baths and comfort stations at an annual salary of $1,500. A certificate was issued by the municipal civil service commission that said transfer was made agreeable to rule 14 of said commission, and such transfer was noted upon the records of said commission. Said McNamara was No. 17 on said eligible list. Subsequent to July 6th, 1903, no request was ever made to the municipal civil service commission for the certification of the names of those eligible to be *appointed or promoted* either to the said position of superintendent of public baths and comfort stations or to the said position of assistant superintendent of public baths and comfort stations, and subsequent to said date no certification was ever made by said commission of the names of those eligible to be appointed or promoted to said positions, nor were the names of the three highest upon any eligible list submitted to said appointing officer.

The plaintiff in this action was No. 3 ·on said eligible list and he is a citizen and resident of the borough of Brooklyn and assessed therein for more than one thousand dollars, and he brings this action as a taxpayer to have the said appointments adjudged null and void, and that said positions be adjudged and declared vacant, and to restrain ·the comptroller of the city of New York from paying any salaries or wages to said Worstell and McNamara as incumbents of the positions of superintendent and assistant superintendent of public baths and comfort stations respectively. Neither the said plaintiff nor the said Worstell nor McNamara are veterans. Plaintiff obtained judgment at Special Term which has been unanimously affirmed in the Appellate Division, and from such judgment of affirmance an appeal is taken to this court. ·

*John J. Delany, Corporation Counsel* (*James D. Bell* of counsel), for Edward M. Grout, as comptroller of the city of New York, et al., appellants. The transfers or appointments of defendants Worstell and McNamara to the positions respectively of superintendent and assistant superintendent of public baths and comfort stations in the borough of Brooklyn were valid and legal and in strict accordance with the Civil Service Law and with the rules of the municipal civil service commission made in pursuance thereof and then in force. (L. 1899, ch. 370, § 13.)

*Charles H. Kelby* for John P. Worstell et al., appellants. The transfers of the defendants Worstell and McNamara, they being on the eligible list for appointment to the places to which they were transferred at the time, were legally and properly made. (L. 1899, ch. 370, §§ 13, 15.)

*Walter S. Brewster* and *James McKeen* for respondent. The attempted transfer or promotion of the two defendants was in violation of the spirit and letter of the State Constitution and of the Civil Service Law, and was illegal and void. (L. 1899, ch. 370; *People ex rel. Lodholz* v. *Knox*, 58 App.

Div. 541 ; 167 N. Y. 620 ; *People ex rel. Birmingham* v.
*Grout,* 45 Misc. Rep. 47.)

CHASE, J.   In obedience to a very general sentiment that
appointments and promotions in the civil service should be
removed as far as possible from personal and political influ-
ence, New York was the first of the states to provide by Con-
stitution that appointments and promotions in the civil service
of the state and of the civil divisions thereof should be made
according to merit and fitness, and so far as practicable after
competitive examination.

Section 9 of article 5 of the Constitution adopted in 1894
and which went into effect January 1st, 1895, is as follows :
" Appointments and promotions in the civil service of the
state, and of all the civil divisions thereof, including cities
and villages, shall be made according to merit and fitness to
be ascertained, so far as practicable, by examinations, which, so
far as practicable, shall be competitive ; provided however, that
honorably dischaged soldiers and sailors from the army and
navy of the United States in the late civil war, who are citi
zens and residents of this state, shall be entitled to preference
in appointment and promotion, without regard to their stand-
ing on any list from which such appointment or promotion
may be made.   Laws shall be made to provide for the enforce-
ment of this section."   Laws have been made to provide for
the enforcement of this section. (The Civil Service Law,
chapter 370, Laws of 1899, and the amendments and addi-
tions thereto) and rules have been adopted by the state civil
service commission and by many municipal civil service com-
missions throughout the state.   The rules prescribed by the
state and municipal commissions pursuant to the provisions of
said act have the force and effect of law.   (The Civil Service
Law, section 6.)

In the construction of such statutes and rules, and in the
consideration of appointments made pursuant thereof, said
section of the Constitution and the purpose of its enactment
must be constantly borne in mind.

The Constitution clearly contemplates that all appointments and all promotions shall be made according to merit and fitness to be ascertained by competitive examination unless it is in good faith found that it is impracticable so to determine the relative merit and fitness of persons for a particular position or employment. Special circumstances and acts of personal bravery and heroism have been held sufficient to justify the promotion of a patrolman without other test of merit and fitness. (*People ex rel. Schelpp* v. *Knox*, 48 App. Div. 477; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444.)

In the *Schelpp* case the court say: " No examination can be devised which will present the conditions to furnish a test of the comparative gallantry or heroism of policemen or firemen engaged in the attempt to rescue persons from a burning building. It would be most unfortunate for the public service, however, if the Constitution and laws of the state forbade the recognition of exceptionally brave conduct under such circumstances by awarding deserved promotion to those by whom such conduct had been displayed." The legislature, by the Civil Service Law, has provided generally for an exempt class, and also for filling certain positions after a noncompetitive examination. Any exception, however, to the constitutional direction that appointments and promotions must be made according to merit and fitness to be ascertained by competitive examination must be based upon the impracticability of the selection being based upon the result of such competitive examination. Apart from the fact that statutes may be made and rules may be adopted to make a practicable and workable system of appointments and promotions, the plain, general direction of the Constitution requiring that such appointments and promotions be made after a competitive examination must be obeyed. The constitutional provision must be given a fair and liberal construction and the power reserved to the legislature and to civil service commissions to make laws and rules must be exercised with a view of carrying out the purpose and intent of the Constitution. Any statute or

rule contrary to the express language of the Constitution or to its true spirit and intent, is void and cannot be enforced, and in every case it is for the courts to determine whether a statute or rule is a valid exercise of the power to determine what employees or class of employees it is not practical to select from lists prepared after an examination or a competitive examination.

The Constitution is not only the supreme law, but the guide in the determination of every question arising in connection with the civil service appointments.

The word "transfer" is not used in the Constitution. A promotion is an advancement to a higher position, an elevation, a preferment. If the practical working of the civil service requires a transfer of one engaged therein, such transfer can only be made when it does not in fact constitute a promotion. Promotions under the name of transfers are evasions and illegal and contrary to the express terms of the Constitution.

The duties of Worstell when engaged as a bath attendant were to take care and charge of a particular bathhouse under the supervision and direction of a superintendent of public baths. The duties of a superintendent of public baths and comfort stations are to supervise and direct the work of the various bath attendants detailed to the bathhouses and comfort stations in a borough of the city of New York, and to exercise control of that work subject to the approval of the borough president. The duties of the assistant superintendent of public baths and comfort stations are substantially identical with those of the superintendent of baths and comfort stations, but subordinate to and under the immediate direction of the superintendent. The duties of the defendant McNamara before his transfer on December 29th, 1903, were that of a third grade clerk assigned to the bureau of buildings in the borough of Brooklyn, and his duties were of a clerical nature and incident to the issuing of slip permits for the alteration of buildings, and such other clerical work as was directed by superior order.

It does not require argument or authority to substantiate or justify the statement that each of the transfers mentioned were in fact promotions both in the grade of work to be done and in the compensation to be received therefor. If appointing officers are allowed to make transfers among those in the competitive class without regard to grade, class of work or compensation, providing only that the person so transferred is upon the eligible list for the position to which he is transferred, the beneficial effects obtained by the constitutional provision will be substantially overcome. Such a transfer would enable a person hopelessly low on an eligible list for an important place in the classified service to obtain an appointment through personal or political influence or favoritism if he could once obtain an appointment to any inferior place in the service. Such transfers would demoralize the service.

The rules of the municipal civil service commission referring to promotions provide: "Except as this rule otherwise provides the conduct of an examination for promotion and the making of selections therefor from any eligible list formed as the result of such examination shall be governed by the rules relating to original appointment."

It is not claimed that the defendants Worstell and McNamara were appointed pursuant to the rules of the commission relating either to original appointments or promotions. It is unnecessary to discuss at length the provisions of the Civil Service Law or the rules of the municipal civil service commission except to say that so far as they can be given a construction that will permit of a promotion under the guise of a transfer, they are to that extent unconstitutional and void.

The judgment should be affirmed, with costs.

CULLEN, Ch. J. I concur in the opinion of Judge CHASE and vote for the affirmance of the judgment appealed from. As to the questions discussed in the dissenting opinion of my brother HAIGHT, I am of the opinion that under both the constitutional provision and the statute, vacancies in the civil service can be filled by promotion from those occupying a lower

grade in the department, and that it is not necessary that the
position should always be thrown open to persons not in
service.  The rules of the civil service commission in force
at the time provided a scheme for promotion as distinguished
from original appointment and for competition for such pro-
motion.  Had the defendant Worstell been promoted in
accordance with the provisions of the rule, I think the pro-
motion would have been valid, notwithstanding outside com-
petitors might have stood higher on the eligible list.  The
difficulty is that Worstell, so far as appears by this record,
was not promoted in accordance with the civil service rules
nor was he certified for promotion, but was promoted
arbitrarily without competition.

HAIGHT, J. (dissenting).  As to the defendant John P.
Worstell, I think the judgment should be reversed.  It appears
from the allegations of the complaint and the findings of the
trial court that in the month of May, 1899, he was appointed
to the position of bath attendant at a salary of $900 per
annum upon certification to the appointing officer by the civil
service commission; that his name was at the head of the
eligible list for such attendants, and that in the month of
June, 1900, he was transferred as such attendant from the
borough of Manhattan to the borough of Brooklyn.  On the
third day of April, 1902, he again entered a competitive exami-
nation by the civil service commission, and upon such exami-
nation he was placed number seven upon the eligible list
for appointment or promotion to the position of superintend-
ent of public baths and comfort stations, and subsequently,
and on or about July 6, 1903, he was advanced to the position
of assistant superintendent of public baths and comfort sta-
tions in the borough of Brooklyn at a salary of $1,500 a year
with the consent of the municipal civil service commission,
and entered upon his duties as such assistant superintendent,
and subsequently, and on the second of December, 1903, he
was advanced to the position of superintendent of public
baths and comfort stations, with the consent of such commis-

sion, at a compensation of $2,500 per year. It thus appears that before his advancement to the position of assistant superintendent or of superintendent he had served the municipality for upwards of four years as bath attendant under an appointment made pursuant to the provisions of the Civil Service Law, he then being the highest upon the list, and there is no pretense in the case but that his services during this entire period were faithful and entirely satisfactory to his superior officer. It further appears, as we have seen, that upon the competitive examination which took place on the third day of April, 1902, he was placed seventh upon the list, on which Washington W. Weeks was at the head. But under the allegations of the plaintiff's complaint it appears that on the first day of August thereafter Weeks, for some reason, had disappeared from the list; for it was then alleged that William N. Beers, William H. Hale, the plaintiff, and Edward C. Kreschner at that time remained at the head of the list; that Beers had been appointed an assistant fire marshal; that the plaintiff Hale had been appointed a third grade clerk and that Edward C. Kreschner had been appointed an inspector of tenements. It thus appears that the three persons, standing at the head of the list after Weeks, had received appointments and that James W. Moran, Franklin M. Horton and John P. Worstell, the defendant in this action, were the next three remaining on the list undisposed of. Under the rule then in force the appointing officer had the right, with the consent of the municipal civil service commission, to recognize the merit, fitness, fidelity and ability from the faithful and satisfactory services of a person who had been in service for at least three years prior thereto, in making a promotion to a position for which he had passed a competitive examination. The eligible list was made up both for original appointments and promotions, but under the findings upon which this judgment is based, the defendant Worstell is the only person who appears upon the list as holding a position in that department who was a candidate for promotion. Under section 15 of the Civil Service Law it is pro-

vided' that "Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists." Here we have an express statutory provision requiring vacancies in a department, office or institution to be filled, so far as practicable, by promotion from persons holding positions in a lower grade in that department, office or institution. This permits competition among the persons holding positions in a department, etc., for promotion to a higher position in such department when a vacancy occurs, and prevents such vacancies from being filled by outside persons who have never held positions under the civil service or who may be connected with some other department or office, unless there exists some special reason with reference to the position to be filled that renders it impracticable to be filled by promotions from those holding lower positions in the same department, such as a doctor or surgeon, or a person possessed of technical knowledge or skill. It consequently follows that the defendant Worstell, being the only person upon the eligible list who, under the findings, held a position in the department of public baths at the time the vacancies referred to in the findings occurred, his promotion was legal. The judgment as to him should, therefore, be reversed.

GRAY and EDWARD T. BARTLETT, JJ., concur with CHASE, J., and CULLEN, Ch. J., concurs with CHASE, J., in memorandum; VANN J., concurs with HAIGHT, J.; WILLARD BARTLETT, J., not sitting.

Judgment affirmed.