PEOPLE ex rel. MURPHY v. KRAFT et al., Civil Service Commission.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. OFFICERS (§ 26*)—CIVIL SERVICE LAWS AND RULES.

Under Const. art. 5, § 9, providing that appointments and promotions in the civil service of the state shall be made according to merit and fitness to be ascertained so far as practicable by examinations which so far as practicable shall be competitive, and Civil Service Law (Consol. Laws 1909, c. 7) § 13, providing that there may be included in the exempt class subordinate offices for the filling of which competitive or noncompetitive examinations may be found to be not practicable, the Civil Service Commission could not place the position of Transfer Tax Appraiser in the exempt class without first, in good faith, ascertaining and determining that it was impracticable to place it in the competitive or noncompetitive class, and hence an alternative writ of mandamus to compel its reclassification, alleging that the commission did not so determine, but transferred it to the exempt class arbitrarily and in bad faith to enable the State Comptroller to appoint persons of his own selection, was not demurrable.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 31; Dec. Dig. § 26.*]

2. MANDAMUS (§ 187*)—APPEAL—RECORD—CONCLUSIVENESS.

Where the allegations of an alternative writ of mandamus were admitted by demurrer, contrary statements in the brief for the respondent on appeal, not being a part of the record, could not be considered.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. § 187.*]

Appeal from Special Term, Albany County.

Mandamus by the People, on the relation of Charles F. Murphy, against John E. Kraft and others, constituting the Civil Service Commission of the state of New York. From an order sustaining a demurrer to the alternative writ and quashing the writ, the relator appeals. Reversed, and demurrer overruled.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Albert de Roode, of New York City, for appellant.

Thomas Carmody, Atty. Gen. (Franklin Kennedy, of Albany, of counsel), for respondents.

LYON, J. The appellant, who is a transfer tax appraiser in the office of the State Comptroller, to which position he was appointed in July, 1909, obtained ex parte in February, 1912, an alternative writ of mandamus requiring the respondents, who constituted the Civil Service Commission of the state, to rescind the resolution passed by them in April, 1911, classifying as exempt 25 positions of transfer tax appraisers in the office of the State Comptroller, the classification of which had been changed in December, 1909, from the exempt to the competitive class, or to show cause why the command of the writ should not be obeyed. The respondents demurred to the writ upon the ground that it did not state facts sufficient to constitute a cause of action. The court susained he demurrer, and from the order quashing the writ this appeal has been taken.

[1] The statements contained in the writ, so far as material to be considered at this time, are that the respondents in exempting the position of transfer tax appraisers did not inquire into the character of the examination nor of the qualifications of the persons on the eligible list to ascertain whether such examination was practicable and calculated to procure, and had resulted in procuring, persons qualified for such positions, nor had considered the fact that since the passage of said resolution of April, 1911, the State Comptroller had appointed and retained beyond the probationary period a transfer tax appraiser selected from the eligible list; but that the respondents had based their determination that the position of transfer tax appraiser should be exempt solely upon the representation and request of the Comptroller, ignoring the question of whether a competitive examination was practicable to fill the position, and that such action of the respondents was taken arbitrarily and in bad faith, and for the purpose of enabling the State Comptroller to appoint persons of his own selection to the positions named rather than for the purpose of carrying out the provisions of the Civil Service Law and of the rules thereunder. The respondents by demurring to the writ have admitted all the allegations thereof to be true.

Section 9, art. 5, of the state Constitution, provided that:

"Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive."

The Civil Service Law (Consol. Laws 1909, c. 7, § 13), after designating certain positions, of which transfer tax appraiser is not one, as included in the exempt class, provided:

"And in addition thereto there may be included in the exempt class all other subordinate offices for the filling of which competitive or noncompetitive examinations may be found to be not practicable."

Thus the Constitution, as well as the Civil Service Law, did not permit the respondents to classify the position of transfer tax appraiser in the exempt class unless it should be found to be not prac-

ticable to place the same in the competitive or noncompetitive class. This meant that the respondents before placing the position in the exempt class should in good faith ascertain and determine that it was impracticable to place the position in the competitive or noncompetitive class. As stated in Hale v. Worstell, 185 N. Y. 247, 252, 77 N. E. 1177, 1178 (113 Am. St. Rep. 895):

"The Constitution clearly contemplates that all appointments and all promotions shall be made according to merit and fitness to be ascertained by competitive examination unless it is in good faith found that it is impracticable so to determine the relative merit and fitness of persons for a particular position or employment."

In view of these provisions of the Constitution and of the Civil Service Law, the respondents could not arbitrarily, upon the request of the Comptroller, and ignoring the question of whether a competitive examination was practicable to fill the position, transfer the appointment from the competitive class to the exempt class. A decision so made would be invalid.

[2] From the brief of the respondents it appears that the respondents claim that the office of transfer tax appraiser has been classified as exempt through the various state administrations since the year 1890 with the exception of the period of sixteen months hereinbefore referred to, and that such change of classification was made by the respondents in good faith, after full investigation, and for the reason that it was found to be impracticable to determine by competitive examination as to the merit and fitness of persons for such position. But these allegations of the respondents are no part of the record, and cannot be considered by the court upon this appeal.

In view of the admission by demurring of the truthfulness of the allegations of the writ, we think the Special Term was in error in sustaining the demurrer and quashing the writ, and that the demurrer should have been overruled, but with permission to the respondents to file a return, should they so desire, in which they could set up the facts claimed by them, and the questions at issue be determined upon the merits.

The order appealed from should be reversed and demurrer overruled, with permission to respondents to withdraw demurrer and file a return within 20 days after the service of a copy of the order of reversal. All concur.

---

(79 Misc. Rep. 61.)

### LEWIS et al. v. TOWNSEND et al.

(Supreme Court, Special Term, New York County. January, 1913.)

NEW TRIAL (§ 177*)—EJECTMENT—NEW TRIAL AS OF RIGHT.

A judgment in ejectment rendered prior to repeal of Code Civ. Proc. § 1525, providing that within three years after filing of judgment roll the court must on application vacate the judgment and grant a new trial, is conclusive, and a motion to vacate after such repeal will be denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 344; Dec. Dig. § 177.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes