(174 App. Div. 518)

MacDONALD v. ORDWAY et al., State Civil Service Commission.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

HIGHWAYS ⬤⟿93—OFFICERS—CIVIL SERVICE—ADVANCING SALARY AFTER EXAMINATION.

The civil service commission was justified in refusing its certificate to the appointee of the supervisors of Westchester county as county superintendent of highways, where the advertisement for the examination for the position stated that the salary was $2,500 per year, but when the office was filled the salary was fixed at $5,000, as the Constitution contemplates that all appointments and promotions shall be made according to merit and fitness, to be ascertained by competitive examination.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 304–307; Dec. Dig. ⬤⟿93.]

Appeal from Special Term, Ulster County.

In the matter of the application of Charles MacDonald for writ of mandamus against Samuel H. Ordway and others, constituting the State Civil Service Commission of the State of New York. From an order of the Ulster County Special Term, entered in the office of the Albany county clerk, denying relator's application, he appeals. Order affirmed.

The following is the opinion of Hasbrouck, J., at Special Term:

The Constitution clearly contemplates that all appointments and promotions shall be made according to merit and fitness, to be ascertained by competitive examination. Hale v. Worstell, 185 N. Y. 252, 77 N. E. 1177, 113 Am. St. Rep. 895. There was an examination held for the office of county superintendent of highways of Westchester county, carrying a salary of $2,500. When the place was filled, the salary was changed from $2,500 to $5,000. The qualifications necessary to fill a position of such importance and remuneration should be determined by the civil service commission. To allow an appointment to be made after an examination for a salary of $500 a year, and then have the appointing power fix it at $10,000, would be to set at naught the principles of our Civil Service Law. The state should have the character of service for which it pays. When it pays $5,000, it should have $5,000 worth of services. It cannot expect to receive such service as the result of an examination based upon an advertisement for a $2,500 position. There has been no examination held for a $5,000 position.

We think the civil service commission is justified in refusing its certificate.

Before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

William A. Davidson, of Port Chester, for relator.

E. E. Woodbury, Atty. Gen. (James S. Y. Ivins, Deputy Atty. Gen., of counsel), for respondents.

JOHN M. KELLOGG, P. J. The supervisors of Westchester county, by resolution of August 9, 1915, requested the state civil service commission to hold an examination for the office of county superintendent of highways in that county. The salary at that time was $2,500 per annum and expenses, and there was no intention on the part of the board to change the salary. The commission announced a competitive examination for the position, stating the salary at $2,500 per annum and expenses. The salary was stated according to the rules and practice of the commission in such cases. The commission held the examination, and on September 30, 1915, reported to the supervisors an eligible list, in which the relator stood third.

November 22d the supervisor fixed the salary at $5,000, and expenses not to exceed $2,500, and appointed relator to the position, and notified the commission of its action December 1st. The commission on the day following replied that the position was scheduled at $2,500 and expenses, and asked an explanation as to the increase of salary. Correspondence followed, with the result that the commission insisted that the salary should be reduced to $2,500 and expenses, or a new examination held, as it considered that the announcement by it of a salary of $2,500 did not result in a full competitive examination for a $5,000 position. It considered that, if the salary to be paid had been stated, other and perhaps better qualified applicants would have appeared, and

upon the refusal of the commission to certify the salary the relator asks a mandamus to compel such action.

Concededly the board of supervisors has full power to fix the salary for the position. But the question presented is whether, under the circumstances, the competitive examination contemplated by the Constitution and statutes has been held. The opinion of Mr. Justice Hasbrouck meets the question squarely, and the court approves and adopts that opinion.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.