In the Matter of the Claim of HARRY MILLER, Respondent, against STATE OF NEW YORK, Respondent, and STATE INSURANCE FUND, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Submitted October 6, 1938; decided November 29, 1938.

*George J. Hayes* and *Patrick S. Mason* for appellant. The record and the law clearly establish that claimant was an employee of the Register of New York county and as such was ·a county employee. (Cons. Laws, ch. 11, §§ 256, 256-b, 257-c, 257-d.)

*John J. Bennett, Jr., Attorney-General (Joseph A. McLaughlin* and *Roy Wiedersum* of counsel), for State Industrial Board, respondent. The claimant was an employee of the State and was not employed by the city of New York. (*Matter of McKinney* v. *McGoldrick,* 243 App. Div. 210; *Muller.* v. *City of New York,* 189 App. Div. 363; *Archer* v. *State,* 32 St. Dept. Rep. 231; *Gubner* v. *McClennan,* 130 App. Div. 716; *Matter of Goss* v. *Rice,* 160 Misc. Rep. 698; *Matter of Bryant,* 152 N. Y. 412; *Matter of McCaffrey* v. *Howland,* 241 App. Div. 624; *Matter of Stoerzer* v. *City of New York,* 267 N. Y. 339.)

*William C. Chanler, Corporation Counsel (Paxton Blair* and *Samuel A. Bloom* of counsel), for City of New York, *amicus curiæ.* Section 256 of the County Law expressly declares that claimant is a State employee. (*Hughes* v. *County of Monroe,* 147 N. Y. 49.) Payment of salary by the city is in the nature of a tax imposed upon the city by the Legislature and does not create a status of master and servant between the city and the, claimant. (*Muller* v. *City of New York,* 189 App. Div. 363; *Matter of Bryant,* 152 N. Y. 412.)

RIPPEY, J. The claimant, at the time of his injury on November 7, 1934, was employed as recording clerk in the office of the Register of the county of New York. He

received accidental injuries resulting in total temporary disability while lifting and cleaning a typewriter. It was correctly found by the Industrial Board that his injuries arose out of and in the course of his employment. Solely a question of law is presented upon this appeal as to whether claimant was, at the time of the injuries, a State or a county employee.

The Industrial Board held that claimant was a *State* employee so as to be entitled to workmen's compensation under group 16 of section 3 of the Workmen's Compensation Law (Cons. Laws. ch. 67). That conclusion was based upon the assertion that the county register was a State agency and that subdivision 4 of section 2 of the Civil Service Law (Cons. Laws, ch. 7) provided, before the amendment to that section by chapter 603 of the Laws of 1938, that when used in that chapter, " the ' state service ' shall include all such offices and positions in the service of the state or of any of its civil divisions except a city." The Appellate Division, in sustaining the conclusion of the Industrial Board, not only relied upon those grounds but leaned upon the fact that the county register was a constitutional officer and upon section 256 of the County Law (Cons. Laws, ch. 11) which provides that the employees in the office of the Register of the county of New York " shall be and remain in the competitive classified civil service of the state." and upon section 10 of the Civil Service Law, which makes provision for the inclusion in the classified State service of those working in the " service of the state, and  *  *  *  [the] civil divisions thereof, except cities." We think that neither the facts nor the applicable law sustains the conclusion reached below.

The office of Register of the county of New York, a political subdivision of the State, is created and the duties and functions of the Register are defined and limited by article XV-A of the County Law (Laws of 1921, ch. 227, as amd.). Although the occupant of the office is a con-

stitutional officer within the provisions of article X, section 1, of the State Constitution and his salary cannot be reduced during his term of office under article X, section 9, of the Constitution (Cf. *Albert* v. *City of New York*, 275 N. Y. 484), he is, nevertheless, a " local officer " and not a " state officer " and his office is a " local office " and not a " state office " (Public Officers Law, § 2 [Cons. Laws, ch. 47]). The Register must be a resident of the county of New York (County Law, § 251-a). He must be chosen solely by the electors of that county (§ 251-b) and not by the electors of the State at large. The exercise of his official functions is limited to the territorial limits of the county of New York (§ 251). The fees of the office and all other perquisites and emoluments to which the Register may be entitled by virtue of his office or which he may receive for official services rendered by him or by any of his employees belong to and are for the benefit of the county of New York and the expense of conducting his office is a charge upon that county (§ 251-f). The duties which he is assigned to perform are a part of the duties which County Clerks in counties outside of counties embraced within the limits of the city of New York are required to perform. They are entirely local in character and the Register, in the performance of those duties, is a county officer (*Olmsted* v. *Meahl*, 219 N. Y. 270, 275).

Claimant was not an officer but a mere county employee in the office of the Register (*Sullivan* v. *Mayor*, 48 How. Pr. 238). The statute creates a distinction between the deputies and assistant deputies in the office, who, under certain conditions, are authorized to perform the duties of the Register's office (§§ 251-h, 257), and the other employees of the office (§ 256). Miller's duties did not involve any exercise of any portion of the sovereign power in the performance of which the public was concerned. He discharged no independent duties, but acted

under the direction of others, his immediate superior being the chief recording clerk in the office. The power of appointment of employees and of removal according to law, and the fixing of their salaries, subject only to regulation and approval of the makers of the budget for the city and county of New York, rested exclusively with the Register (§ 256). The number of recording clerks, of whom Miller was one, was in the discretion of the Register (§ 256). The Register has exclusive power of designation and assignments of duties within the office (§ 257). By section 256 many employees in subordinate positions of the Register's office were designated and classified by titles and their salaries fixed. The salaries or number of recording clerks were not fixed by statute. It was provided that there should also be employed in the Register's office such recording clerks as might be required by the Register to be paid within the budget allowance. Miller's salary was not paid by the State. He was not in any respect in any aspect of the case within the service of the State.

The foregoing conclusion is not affected by the fact that he was selected from a list provided by the State Civil Service Commission. Article V, section 6, of the State Constitution extends civil service to all the civil divisions of the State. Counties are civil divisions of the State and their employees are included within the constitutional provisions (*Chittenden* v. *Wurster*, 152 N. Y. 345, 356) and also within the civil service statutes (Civil Service Law, § 2, subds. 3, 6). Section 256 of the County Law provides that all the employees of the Register of the county of New York referred to in that section shall be and remain in the competitive classified civil service of the State. The classified civil service of the State now embraces all officers and employees of the State and of each of its civil subdivisions, except cities, not specifically placed in the unclassified service, and the competitive class comprises all positions not in

the exempt or noncompetitive classes (Rules III, V and XVIII for the Classified Civil Service promulgated under the authority of section 6 of the Civil Service Law). In the matter of counties the State Civil Service Commission generally handles classified civil service, holds examinations and makes classifications of employees thereof; lists for appointments are made by the State Civil Service Commission and qualified persons are certified by the State Commission as occasion requires. The mere fact that the State Commission so acts does not make the person so examined, classified and certified, where employed in a civil division of the State, a State employee. The requirement of section 19 of the Civil Service Law that the appointing officer of the civil division of the State shall report to the State Civil Service Commission upon any appointment or employment the name of the employee, the title and character of his employment, the date of the commencement of his service, and the compensation thereof, or that the Commission shall keep a roster in its office of the classified civil service of the civil division, or the requirement of section 20 of the Civil Service Law that no such employee of the civil division shall be paid for his services until the account for his compensation shall be certified by the Civil Service Commission, does not constitute the employee an employee of the State. Those provisions are regulatory and are designed to make effective the general purpose of the Constitution and of the Civil Service Law to bring, so far as practicable, all employees of the State and of each of its civil subdivisions within the civil service so that appointments may be made according to merit and fitness and the best interests of the public service may be promoted. The term " state service " as variously used in the State Civil Service Law covers all employees rendering public service, whether they are in the employ of the State or whether they are in the employ of some one of the civil divisions of the State, other than cities. It was not

intended to cover and does not embrace within its meaning the employees of the State alone. It was not intended to make employees of civil divisions of the State State employees or render the State or the State Insurance Fund responsible for compensation for injuries sustained arising out of or in the course of their employment.

The order of the Appellate Division should be reversed and the determination of the State Industrial Board annulled, with costs in all courts to the State Insurance Fund against the State Industrial Board.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.