In the Matter of the Claim of MAE WINKLER, Respondent, against SHERIFF OF QUEENS COUNTY (County Court House, Long Island City, New York), Employer, Respondent, and STATE INSURANCE FUND, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 3, 1939.

*Bernard Botein* [*George J. Hayes* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

*William C. Chanler, Corporation Counsel* [*Samuel A. Bloom* and *Sidney Shemel* of counsel], for the city of New York, as *amicus curiæ.*

CRAPSER, J.   The award was made on the theory that claimant was a State employee, as compensation for ʿdisabilities arising from accidental injuries received in her employment as assistant deputy sheriff of Queens county.   The award was affirmed by this court (255 App. Div. 908) on the 16th day of November, 1938, on the authority of *Matter of Miller* v. *State of New York* (253 id. 182).   Motion for reargument was granted (256 id. 871) to permit consideration of the *Miller* case by which our decision was reversed.   (*Matter of Miller* v. *State*, 279 N. Y. 74.)   In the *Miller* case it was decided that a recording clerk in the office of register of the county of New York was a county employee.   It is the contention of the appellant that in view of the *Miller* decision in the Court of Appeals the order of affirmance of this court in the instant case should be set aside, the award rescinded and the claim

dismissed as against the State of New York and the State Insurance Fund.

At the time of the injury the claimant was employed as assistant deputy sheriff in the sheriff's office of Queens county. Her work in general was caring for women prisoners and accompanying them back and forth from jail and court and writing jury notices. She was appointed to the position by the sheriff of the county. Her salary was paid by the city of New York. The fees collected by the sheriff of that county are paid to the chamberlain of the city of New York. Salaries are fixed by the local legislative bodies and the accounts of the office are audited by the local financial authorities. By the definition of a local officer as contained in section 2 of article 1 of the Public Officers Law the office of sheriff is a local office. It has always been held that the office of sheriff is a local office. Although the office is organized under the authority of the State, the sheriff is classified as a local officer. He performs, of course, public duties, but he belongs to the class of local officer. (*People ex rel. Fallon* v. *Wright,* 150 N. Y. 448; *Olmsted* v. *Meahl,* 219 id. 270.) The claimant is charged with no independent duties but acted under the direction of the sheriff as immediate superior. *Matter of Miller* v. *State (supra)* absolutely precludes the claimant in this case from receiving compensation on the theory that she is a State employee. An employee or appointee of a sheriff is a mere local officer, a mere county employee or local county officer. Her duties did not involve any exercise of any portion of the sovereign power in the performance of which the public was concerned. The law in the *Miller* case as laid down by the decision in the Court of Appeals is controlling and decisive of claimant's claim here. Claimant was appointed by the sheriff and subject to discharge by him and paid by the city for performing duties entirely local in character, exercising no independent duties and cannot be regarded as a State employee.

The order of this court dated November 16, 1938, affirming the award against the State should be set aside and annulled and the claim dismissed as against the State of New York.

BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.