Joseph Life, J.
This article 78 proceeding in the nature of mandamus seeks to compel the respondents to list candidates for promotion in the Nassau County Police Department solely on the basis of numerical grades achieved on promotional examinations. The gravamen of petitioner’s application is that the use by the respondent, the Commissioner of Police of the County, of the “ Commissioner’s mark ” in affecting the numerical grade achieved on the examination is an arbitrary and capricious act which should be terminated. These conclusory allegations of petition are not supported by evidentiary detail.
The “ Commissioner’s mark”, which can affect the score received on a promotional examination by as much as 10 points represents a performance rating arrived at by an evaluation of past service. This rating is not determined arbitrarily nor applied indiscriminately by the Commissioner. The answering papers reveal that it is a reasonable and as nearly exact a method as may be devised for efficiently rating a member’s past service. When an individual is a candidate for promotion, his commanding officer evaluates his past service and forwards a report of the Commissioner. The Commissioner in turn utilizes that report in addition to any other reports previously received affecting the candidate, and arrives at an evaluation or service rating (Commissioner’s mark). It is not the Commissioner who determines the mark but rather the candidate’s performance through the years and the evaluation thereof by his commanding officers.
Petitioner, in essence, asks this court to eliminate the element of past performance or conduct from the factors used in con *461 sidering a candidate for promotion. Subdivision 2 of section 52 of the Civil Service Law provides that promotion shall be based on merit and fitness, consideration and due weight being given to previous experience and ‘ ‘ performance ratings where available” in “ determining the relative merit and fitness of candidates for promotion.” Clearly therefore, performance ratings are permissible and desirable and in accordance with the Civil Service Law. Although not applicable to Nassau County employees, another section of the Civil Service Law requires the State Civil 'Service Department to use ‘ ‘ performance ratings as a basis for determining the rendition of satisfactory service necessary for advancement * * *. Such department, in its discretion, may use such performance ratings as a.factor in promotion examinations.” (Civil Service Law, § 140, subd. 2.) In fact, “in a promotion examination, credit granted for seniority and for performance rating may be applied by the addition of points to the average scores earned by passed candidates in the other parts of the examination.” (4 NYCRR 3.4 [a].)
Section 6 of article V of the New York State Constitution provides in part that: ‘ ‘ Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examinar tion which, as far as practicable, shall be competitive ”. This section of article V has been held to be applicable to counties (Matter of Miller v. State of New York, 279 N. Y. 74, 78). Examinations may not always be the exclusive means for determining fitness and merit and therefore other criteria may be employed to measure a candidiate’s qualifications for promotion. In certain governmental agencies, especially police departments, some promotions have been made solely on the basis of the employee’s conduct; i.e., meritorious or heroic acts (Hale v. Worstell, 185 N. Y. 247, 252; see 3 McQuillin, Municipal Corporations, § 12.131).
In the case at bar, the Commissioner has established a system of evaluating conduct of candidates for promotion on a reasonable basis applicable equally to all candidates. This court is satisfied that the system employed is not an arbitrary, capricious or unreasonable device which is being used to discriminate against candidates for promotion in the Police Department and the court finds that the procedure is appropriate for evaluating the elements comprising a candidate’s “merit and fitness” The conclusion arrived at does not preclude a court from *462 reviewing individual situations when it may be alleged that a commanding officer or the Commissioner, in evaluating a candidate, arbitrarily discriminated against such candidate. The petition is dismissed.