■ In the Matter of J. Azzato et al., Appellants, v. SUFFOLK COUNTY LEGISLATURE et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR by employees of the Suffolk County Department of Public Welfare to compel respondents to pay petitioners' salaries in accordance with the grade for their salaries in effect prior to the repeal of section 79-a of the Social Services Law, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered January 26, 1972, which granted respondents' motion to dismiss the petition for insufficiency. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment, deny respondents' motion and grant the petition, with the following memorandum: On January 1, 1966 section 79-a of the Social Services Law became effective (L. 1965, ch. 400, § 3). It mandated higher salaries for case workers and other social service personnel employed by local welfare departments depending upon the amount of approved graduate training completed by the particular employee. In *Matter of Freedman* v. *Suffolk County Bd. of Supervisors* (29 A D 2d 661, affd. 25 N Y 2d 873) we upheld the section against a constitutional attack and noted that " The percentage increase is a differential to attract trained personnel and thus improve the quality of social services rendered." I might add that the increase also serves to encourage those entitled to its benefits to remain in public service. According to the petition, petitioners are employees of the Suffolk County Department of Public Welfare. They were eligible for and did receive the percentage increases as mandated and were reclassified by the Suffolk County Department of Public Welfare. However, on April 12, 1971, section 79-a of the Social Services Law (and similar provisions) was repealed (L. 1971, ch. 123, § 2) and on June 21, 1971, petitioners' salaries were reduced. The issue on this appeal is whether petitioners' salaries may be reduced. Section 205 of the County Law gives a county board of supervisors the power to adopt schedules of compensation and grades and to increase or decrease the compensation of county employees at any time. However, these powers are subject to the Civil Service Law. Subdivision 2 of section 121 (part of art. 8) of the Civil Service Law provides as to State employees that " the annual salary of any position, compensable on an annual basis, which is classified or reclassified * * * to a salary grade pursuant to the provisions of this article shall not be reduced for the then permanent incumbent by reason of any provision of this article so long as such position is held by the then permanent incumbent." In my opinion, petitioners are State

employees within the meaning of article 8 of the Civil Service Law and are entitled to the protection afforded by subdivision 2 of section 121 thereof against reductions of the type made here in their salaries. To hold that section 121, as part of article 8, of the Civil Service Law, applies only to employees paid directly by the State is to construe the section too narrowly. "Article V, section 6, of the State Constitution extends civil service to all the civil divisions of the State. Counties are civil divisions of the State and their employees are included within the constitutional provisions  *  *  * and also within the civil service statutes (Civil Service Law, § 2, subds. 3, 6).  *  *  * The classified civil service of the State now embraces all officers and employees of the State and of each of its civil subdivisions, except cities" (*Matter of Miller* v. *State of New York,* 279 N. Y. 74, 78). I would hold, therefore, that subdivision 2 of section 121 of the Civil Service Law applies to petitioners and bars the reduction of their salaries. To hold otherwise would raise a serious · question as to the constitutionality of the salary reduction under the Equal Protection Clause of the Constitution of the United States. This is so since the salary of a social worker employed by the State could not be reduced by virtue of the repeal of section 79-a of the Social Services Law (Civil Service Law, § 121, subd. 2) while the salary of a social worker employed by a county could be so reduced (County Law, § 205) under the construction adopted by the majority. The majority's result is also unfair since petitioners were induced to enter into or remain in county service by the now repealed section 79-a of the Social Services Law.