Bernard F. McCaffrey, J.
In this proceeding, brought pursuant to CPLR article 78, petitioner seeks to have annulled and rescinded the practice of the Nassau County Civil Service Commission, respondent herein, of extending additional points for service rating awards for police promotional examinations, and to have such practice declared to be arbitrary, capricious, discriminatory and an abuse of discretion.
Petitioner contends that service rating awards are "merely a means for which the respondent and the County of Nassau reward favorite employees and thereby circumvents the Civil Service System”.
Additionally, it is the contention of petitioner that section 6 of article V of the New York State Constitution lists but one exception to the rule that appointments and promotions in the civil service of the State and of all civil divisions thereof are *916 to be made according to competitive examinations, to wit: veterans’ preference and credits.
Currently, a "service rating” is used as part of the process of selecting members of the Nassau County Police Department for promotion to higher ranks (Sergeant, Lieutenant and Captain). According to this procedure, credit is added to or subtracted from the written examination scores of police force members who have received a passing score on written examinations. Additional credit is granted for specified commendations and credit is subtracted for certain disciplinary actions.
Concerning disciplinary subtractions, the time periods covered in the rating consist of the four years immediately preceding the date of the examination for Sergeant, the two years immediately preceding the date of the examination for Lieutenant, and the two years immediately preceding the date of the examination for Captain. For these periods, the following are subtracted from the norm of 15 points added to the score of each passing candidate: 0.5 point for every disciplinary case not resulting in charges and specifications (not to exceed five points), 1.0 point for each disciplinary conviction based on charges and specifications, and 1.0 point for each day fined in a disciplinary action.
Specified commendations merit additional points: 5.0 points for a medal of valor, 3.0 points for other medals, 2.0 points for certificates of commendation, and 1.0 to 1.5 points for "Excellent Police Duty”. All additions and subtractions are made in reference to a 15.0 point award given for satisfactory service, and one third of the net total of all service rating points is added to the written test score.
Prior to the institution of thé current service rating system, police commissioners were permitted to make an independent evaluation of a candidate for promotion, which extended to all areas of performance within the department, and which was not limited to documented displays of poor performance. Such performance evaluation was known as the "Commissioner’s Mark”, the reasonableness of which was upheld in Matter of Lecci v Leonard (61 Misc 2d 460), Matter of Firestone v Leonard (NYLJ, Sept. 2, 1970, p 17, col 2, affd 36 AD2d 580), and Greenwald v Leonard (decided May 30, 1972, Wachtler, J.). However, at the instance of the Patrolmen’s Benevolent Association, petitioner’s collective bargaining agent, the "Commissioner’s Mark” was terminated and the current service rating system was established.
*917 Petitioner, in a word, is seeking the elimination of the element of past performance or conduct from the factors used in considering a candidate for promotion and to limit such consideration solely to the candidate’s test score.
Article V (§ 6) of the New York State Constitution provides that: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”.
This section of article V has been held to be applicable to counties (Matter of Miller v State of New York, 279 NY 74, 78), and it has also been held that this provision does not state the sole and exclusive basis for civil service promotions. In Hale v Worstell (185 NY 247, 252 [1906]), the court cited People ex rel. Schelpp v Knox (48 App Div 477 [1900]), in which was stated: "No examination can be devised which will present the conditions to furnish a test of the comparative gallantry or heroism of policemen or firemen engaged in the attempt to rescue persons from a burning building. It would be most unfortunate for the public service, however, if the Constitution and laws of the State forbade the recognition of exceptionally brave conduct under such circumstances by awarding deserved promotion to those by whom such conduct had been displayed.” Further, section 52 (subd 2) of the Civil Service Law provides: "2. Factor in promotion. Promotion shall be based on merit and fitness as determined by examination, due weight being given to seniority. The previous training and experience of the candidates, and performance ratings where available, may be considered and given due weight as factors in determining the relative merit and fitness of candidates for promotion.” (Emphasis supplied.)
In the case at bar, the Nassau County Police Department has established a system of evaluating the conduct of candidates for promotion on a reasonable basis applicable equally to all candidates. Petitioner in this proceeding attacks this system. There is no attack against any current or past commanding officers of petitioner charging that they had an individual bias against him. Nor is there any evidence given that the Police Department Awards Committee wrongfully withheld any award due petitioner. The mere fact that said committee has granted awards to "Petitioner’s brother members of the police force” and has not granted such to pe *918 titioner, is not in itself evidence of arbitrary and capricious action by the committee.
Although this court does not, in determining the case at bar, preclude itself or any other court from reviewing individual situations wherein a commanding officer, in evaluating a candidate, arbitrarily discriminated against such candidate. The court is satisfied that the system employed by the Nassau County Police Department is not arbitrary, capricious, discriminatory, or an abuse of discretion. Rather, the system employed is a reasonable and appropriate procedure for determining the "merit and fitness” of a candidate for promotion, and respondent may properly take account of service rating awards in positioning such candidates upon a certified eligibility list.
The petition is dismissed.