WILLIAM JAY SCHIEFFELIN, Plaintiff, *v.* DOMINICK HENRY, CHARLES L. CRAIG, as Comptroller of the City of New York, and PHILIP BEROLZHEIMER, as Chamberlain of the City of New York, Defendants.

Supreme Court, New York Special Term, October 16, 1924.

**Municipal corporations — city of New York — public officer may not be reimbursed for expenses incurred in defending criminal prosecutions for official acts unless statute provides therefor in advance — injunction pendente lite granted in taxpayer's action to restrain payment by defendants of counsel fees and expenses incurred by police officer of city of New York in successfully defending himself in certain criminal actions — Laws of 1923, chap. 758, providing for payment by board of estimate and apportionment of city of New York of expenses and counsel fees incurred by police officer in litigation, unconstitutional — proposed payment contravenes State Constitution, art. 8, § 10 — payment not justified by General City Law, § 20, subd. 5, nor may it be made pursuant to Greater New York charter, § 246, where requirements of charter are not met.**

There is no constitutional power to reimburse a public officer for expenses incurred in defending criminal prosecutions for official acts or omissions, unless a statute provides therefor in advance. Whether it be in form a general law or a special act, the rules are the same. If the statute be retroactive in effect, it is unconstitutional.

Accordingly, plaintiff's motion for an injunction *pendente lite* will be granted in a taxpayer's action to restrain the defendants, the comptroller and city chamberlain of the city of New York, from paying the expenses, including the counsel fees, of a police inspector of the city of New York incurred in the successful defense of himself in 1920 and 1921 in certain criminal actions, pursuant to the provisions of chapter 758 of the Laws of 1923, since the statute under which the payment was contemplated is unconstitutional and void. The payment would contravene section 10 of article 8 of the State Constitution, since the disbursement would be a mere gift of city money for other than a city purpose.

The proposed payment is not justified pursuant to subdivision 5 of section 20 of the General City Law, since that statute, known as the Home Rule Act,

never has applied to the city of New York. Neither is the payment proper within the provisions of section 246 of the Greater New York charter, since the statutory requirements thereof have not been met.

MOTION for an injunction *pendente lite* in a taxpayer's action.

*Leonard M. Wallstein,* for the plaintiff.

*Griggs, Baldwin & Baldwin (Martin Conboy* and *Henry T. Hall,* of counsel), for the defendant Dominick Henry.

*George P. Nicholson (John Lehman,* of counsel), for the defendants Charles L. Craig and Philip Berolzheimer.

McGOLDRICK, J. Motion for an injunction *pendente lite* allowed in a taxpayer's action brought to perpetually restrain the payment by the defendants the comptroller and chamberlain of the city of New York, of counsel fees and expenses incurred by the defendant Henry in defending himself in certain criminal actions in the years 1920 and 1921 as a police officer of such city. Chapter 758 of the Laws of 1923 specifically authorizes the board of estimate and apportionment " in its discretion, to audit and allow the expenses, including counsel fees, paid or incurred by Dominick Henry in successfully defending himself in any criminal action in the years nineteen hundred and twenty or nineteen hundred and twenty-one, either upon a trial or other disposition of the indictment, in which it was sought to convict him on account of acts or omissions as an officer of the police force of the said city," and directed the comptroller to pay the same in the amount so audited. In 1924 the board adopted this resolution: " *Resolved* that the board of estimate and apportionment, pursuant to the provisions of chapter 758 of the Laws of 1923, hereby audits and allows as a charge against the city counsel fees and expenses in the sum of $29,800.60 incurred by Dominick Henry, an inspector in the police department, in defending himself against criminal actions brought against him in 1920 and 1921; and the comptroller is requested to pay said claim in the manner provided by chapter 758 of the Laws of 1923." Plaintiff's attack is directed mainly against the constitutional validity of chapter 758 of the Laws of 1923 within the denouncement of *Matter of Chapman* v. *City of New York,* 168 N. Y. 80. The counsel fees and expenses were incurred in connection with two indictments of Henry by the grand jury in New York county, the first indictment being for the crime of willfully omitting to perform a duty required of him as a public officer, and the second indictment being for the crime of perjury alleged to have been committed by him in testifying before the grand jury as to the activities of an assistant district attorney. After the trial on the first indictment in the Court of General Sessions in May, 1920,

a verdict was directed in favor of Henry. On the trial of the second indictment Henry was found guilty; a certificate of reasonable doubt was granted to him, and upon appeal to the Appellate Division the judgment of conviction was reversed. In June, 1921, the indictment was dismissed upon motion. For over thirty years Henry has been a member of the police force of the city. During that period he has held various ranks, and no charges were ever made against him up to the time of these indictments. It may be conceded, therefore, as contended by his counsel, that the claim of the defendant Henry for reimbursement is supported by strong moral and equitable appeal, but the Court of Appeals held in the *Chapman Case, supra:* "There was no moral obligation on the part of the respondent to discharge such a claim, for it had no foundation in natural or legal right. It is not the duty of the public to defend or aid in the defense of one charged with official misconduct. The history of morals or jurisprudence recognizes no such obligation. When a citizen accepts a public office he assumes the risk of defending himself against unfounded accusations at his own expense. Whoever lives in a country governed by law assumes the risk of having to defend himself without aid from the public, against even unjust attempts to enforce the law, the same as he assumes the burden of taxation. As was said in *Matter of Jensen* [28 Misc. Rep. 379; affd., 44 App. Div. 509], it is ' a part of the price he pays for the protective influence of our institutions of government.' Asking for aid to pay the expenses of a defense already made from one's own resources, is like asking for aid in the payment of taxes or the discharge of any public burden. It is not a city or county purpose, but a mere gift." Counsel for the defendant Henry cites many statutes similar to the special act in question pursuant to the provisions of which the city has expended public moneys for private rather than city purposes. Attention is also called to other statutes involving the appropriation of state funds for private undertakings. Aside from the fact that constitutional restrictions with reference to the use of city and of state moneys are different, I am of the opinion that no such legislative or other practice, not reviewed in the courts of this state, can overcome the settled doctrine of the *Chapman Case, supra.* Legislative sanction or usage cannot make constitutional an unconstitutional statute. In any event the provisions of chapter 758 of the Laws of 1923, if constitutional, are not broad enough to cover the expenses incurred by Henry on the perjury charge, based as it is on his testimony as a witness before a grand jury when it seems to me he was acting as an individual and not " as an officer of the police force of the said city." The expenses of defending himself on the two indict-

ments are not separated, so that it is impossible to determine what proportionate part of the claim is within the scope of the statute. It has been held repeatedly that there is no constitutional power to reimburse a public officer for expenses incurred in defending criminal prosecutions for official acts or omissions, unless a statute provides therefor in advance. Whether it be in form a general law or a special law makes no difference; if the act in question be retroactive in effect it is unconstitutional. If prospective in effect the conditional promise to reimburse contained therein is regarded as a part of the compensation which the state, city or town, as the case may be, stipulates that an officer is to receive in return for the services to be rendered. Ordinarily, where a public official defends himself on a charge of crime he benefits nobody but himself, and any expenditure incurred thereby is not for a city purpose, but for the purely personal and private purpose of keeping himself out of jail. While it thus appears that the action of the board of estimate and apportionment was based specifically upon the authority vested in it by chapter 758 of the Laws of 1923, it is urged that the contemplated payment can be justified by section 20, subdivision 5, of the General City Law (known as the Home Rule Act), and section 246 of the Greater New York Charter. They were in force and effect at the time the expenses were incurred by Henry and permitted the city to pay claims equitably payable by it, though not constituting obligations legally binding on it. For the purposes of this motion, however, any reliance on the Home Rule Act or on section 246 of the Greater New York Charter is for other reasons unavailing. Subdivision 5 of section 20 of the Home Rule Act has never applied to the city of New York, and section 246 of the charter has not been complied with. In the first place, section 20, subdivision 5, is part of a general law of the state, whereas section 246 of the charter is part of a special law, and in the absence of a clear legislative intent to the contrary the provisions of the latter would control. Furthermore, the subdivision referred to did not confer on the city any power in addition to that which it already possessed. It added nothing to the charter. It authorized every city to pay claims equitably payable by it. Section 246 of the charter already did that and supplied the procedure for the payment of such claims. " The Home Rule Bill grants powers in addition to and not in substitution of the charter provisions, and is intended to supply omissions. Charters that contain all necessary powers require no augmentation." *Gibbs* v. *Luther*, 81 Misc. Rep. 611, 616. " Where charters are complete and contain all necessary powers to attain a given purpose, it is idle to invoke the aid of the act referred to." *City of*

*Geneva* v. *Fenwick,* 159 App. Div. 621, 626. Even if we assume that this subdivision did confer additional power, yet it is restricted in its exercise by that provision which has made the Home Rule Act so ineffectual since its enactment and which requires that all additional powers conferred by such act must be exercised " in the manner and subject to the conditions prescribed by law or ordinance." § 23, subd. 1. Such conditions are found in section 246 of the charter, which provides in part, (1) that such payment can be made only upon a certificate in writing by the comptroller certifying that the claim in question is invalid, but in his judgment it is equitable and proper for the city to pay it; and (2) that there must be a determination by a unanimous vote of the board of estimate and apportionment that the city has received a benefit and is justly and equitably obligated to pay such claim, and that the interests of the city will be best subserved by the payment or compromise thereof. Neither of these statutory requirements has been met. The motion for an injunction restraining the payment of the Henry claim during the pendency of this action is granted upon the ground that chapter 758 of the Laws of 1923 is unconstitutional and void, and that any payment attempted to be made thereunder is in contravention of section 10 of article 8 of the State Constitution as a mere gift of city money for other than a city purpose. Settle order on notice.

Order granted.