JOHN L. HOFFMAN, as Acting Superintendent of Institution for Male Defective Delinquents, Napanoch, N. Y., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, April 5, 1937.

*John J. Bennett, Jr.* [*James M. Stull* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*H. Broadman Epstein* of counsel], for the defendant.

LAUER, J. This action was instituted by the plaintiff to recover the sum of $248.25 for merchandise sold to the defendant at its special instance and request. The defendant admits the purchase and receipt of the merchandise in question, but has refused to pay the price demanded by the plaintiff. It is the defendant's contention that pursuant to section 149 of the Greater New York Charter the comptroller of the city of New York has the right to fix and to pay the just and reasonable value of merchandise purchased by it, regardless of the contract price. The charter provision is as follows: " The department of finance shall have control of the fiscal concerns of the corporation. All accounts rendered to or kept in the other departments shall be subject to the inspection and revision of the officers of this department. * * * He [the comptroller] shall settle and adjust all claims in favor of or against the corporation, and all accounts in which the corporation is con-

cerned as debtor or creditor; but in adjusting and settling such claims, he shall, as far as practicable, be governed by the rules of law and principles of equity which prevail in courts of justice. No claim against the city   *   *   *   or payable in the first instance from moneys in the city treasury for services rendered or work done or materials furnished   *   *   *   shall be paid unless an auditor of accounts shall certify that the charges therefor are just and reasonable; and, except as hereinbefore otherwise provided, all contracts with the city   *   *   *   shall be subject to such audit and revision by the department of finance   *   *   *.   If in any action at law against the City of New York to recover upon a claim   *   *   *   the amount claimed by the plaintiff is in excess of the amount as audited and settled by the department of finance, the plaintiff must establish his claim by competent evidence of value, and no testimony shall be admitted to show a promise or agreement by any officer or employee of the city   *   *   *, to pay any larger sum than the amount so audited or allowed by the department of finance."

The defendant claims that the prices sought by the plaintiff for the merchandise are greater than their fair and reasonable value; that it has offered to pay the plaintiff the fair and reasonable value of the merchandise, and that the offer has not been accepted.   The plaintiff urges that the prices of the merchandise sold to the defendant were fixed pursuant to the provisions of section 186 of the Correction Law (Laws of 1909, chap. 47, as amd. by Laws of 1929, chap. 243), and were known to the defendant at the time of the purchase.   The record of the trial supports this conclusion.

Section 186 of the Correction Law, as amended, reads as follows: " Prices of labor performed and articles manufactured in correctional institutions.   The commissioner of correction, with the approval of the superintendent of standards and purchase, shall fix and determine the prices at which all labor performed, and all articles manufactured in the correctional institutions in this State, and furnished to the State, or the political divisions thereof, or to the public institutions thereof, shall be furnished.   Such prices shall be uniform to all, except that the prices for goods or labor furnished by the penitentiaries to or for the county in which they are located, or the political divisions thereof, shall be fixed by the board of supervisors of such counties, except New York and Kings counties, in which the prices shall be fixed by the commissioners of charities and correction respectively.   The prices shall be as near the usual market price for such labor and supplies as possible."

The plaintiff insists that the prices as fixed and known to the defendant are not subject to revision by the comptroller and are binding on the defendant, regardless of what the comptroller ascer-

tains to be the fair and reasonable value of the merchandise. The question to be determined in this case is whether the defendant, the city of New York, is obligated to pay for the merchandise purchased by it from the plaintiff, the acting superintendent of one of the correctional institutions of the State, at the prices fixed by the Commissioner of Correction of the State pursuant to the provisions of section 186 of the Correction Law, where, as in this case, such prices are not recognized as just and reasonable by the comptroller of the city of New York, acting pursuant to the authority of section 149 of the Greater New York Charter.

No precedent determinative of facts similar to the instant case has been cited by either party. The provisions of statutory law relied upon by the respective parties as authoritative are conflicting in their scope. Section 186 of the Correction Law is a general law of the State of New York. Section 149 of the Greater New York Charter may be said to be a special law concerning the conduct of business with the city of New York. The courts of this State have held that in the absence of a clear legislative intent to the contrary, where a general law conflicts with a special local law, on the same subjects, the latter applies in the locality. (*People ex rel. Empire Mortgage Co.* v. *Cantor,* 190 App. Div. 512; *People ex rel. Leet* v. *Keller,* 157 N. Y. 90; *Schieffelin* v. *Henry,* 123 Misc. 792; affd., 211 App. Div. 850.)

It becomes necessary, therefore, to determine whether any legislative intent existed which would indicate that the provisions of section 186 of the Correction Law, a general law, should prevail over those contained in section 149 of the Greater New York Charter, a local or special law. An examination of the respective histories of these sections discloses that section 149 of the charter was enacted *after* the passage of the statutes from which section 186 of the Correction Law is derived. Section 186 of the Correction Law is derived from the Revised Statutes, part 4, chapter 3, title 2, section 107, as amended by the Laws of 1889, chapter 382. It was thereafter amended by the Laws of 1895, chapter 473, and was further amended by the Laws of 1896, chapter 429. The statute as then amended contains substantially the same provisions as are now provided by section 186 of the Correction Law. The charter of the city of New York was enacted by the Laws of 1897, chapter 378. It must be assumed, therefore, that the Legislature in enacting section 149 of the charter did so with knowledge of the existence of the statutes from which section 186 of the Correction Law is derived. In the year 1901 section 149 of the charter was amended by the Laws of 1901, chapter 466, to provide that no claim against the city of New York was payable by the comptroller " unless an

auditor of accounts shall certify that the charges therefor are just and reasonable." This would seem to indicate that the Legislature intended to confirm the powers granted the comptroller by this section of the charter. The powers delegated to the comptroller were undoubtedly given in order to safeguard the city of New York from contractual obligations disproportionate to the fair and reasonable value of the subject-matter of its contracts. No statute enacted by the Legislature has been brought to my attention which is inconsistent with, or which tends to limit or curb, the powers delegated to the comptroller under the provisions of section 149 of the Greater New York Charter, as amended. The Legislature under these circumstances must be deemed by reason of the enactment of section 149 and by its actions since the enactment of that section to have manifested its intention to relieve the defendant, the city of New York, from any obligation other than to pay the just and reasonable value for purchases made by it after such just and reasonable value has been determined by its comptroller. Obligations created under the terms of section 186 of the Correction Law are no exception to this rule.

Since the Legislature has failed to give any indication of a legislative preference for the provisions of section 186 of the Correction Law, a general law, over section 149 of the Greater New York Charter, a special law, the rule usually applied and heretofore stated must be followed in the instant case. The defendant is within its rights in its refusal to pay the plaintiff prices greater than the just and reasonable value of the merchandise purchased, as determined by its comptroller.

Although the plaintiff herein alleged in his complaint that the goods sold and delivered to the defendant were " of the reasonable value and agreed price of $248.25," he has failed to produce any testimony in support of the allegation of reasonable value. The defendant, however, has expressed a willingness to pay the reasonable value of the merchandise purchased and produced on the trial a witness who testified as to this reasonable value. While the testimony offered by the defendant on this point is not too satisfactory, as it is based upon the value of similar merchandise in the market and not the identical objects, I am disposed to accept it. I find, therefore, that the reasonable value of the merchandise sold herein is as follows: The reasonable value of the fourteen-quart pails is two dollars and sixty cents per dozen; the reasonable value of the sixteen-quart pails is three dollars and fifty-six cents per dozen. Since the value fixed by the plaintiff for the twenty-quart pails is not disputed, I will accept it as correct.

Submit findings and judgment in accordance with the foregoing.