■ In the Matter of the Arbitration between JEROME M. SHEVELL, Appellant-Respondent, and LESTER J. BESEN, Respondent-Appellant.— Order and judgment modifying an arbitration award to the extent of reducing the amount awarded to $4,000, unanimously modified, on the law, motion to confirm the award as rendered granted, and cross motion to vacate denied, with $50 costs and disbursements to petitioner. CPLR 7511 (subds. [b], [c]) set forth all the grounds upon which vacatur or modification of an arbitration award may be predicated. None of such grounds has been demonstrated in the present record. It is conceded that the parties entered into an agreement which contains the standard, broad arbitration clause. The dispute between the parties clearly arose out of that agreement, and the arbitrators knew of the provisions therein limiting damages, in certain situations, to $4,000. " Once it be ascertained that the parties broadly agreed to arbitrate a dispute ' arising out of or in connection with ' the agreement, it is for the arbitrators to decide what the agreement means and to enforce it according to the rules of law which they deem appropriate in the circumstances." (*Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329, 334). The arbitrators' award is not reviewable by the court for errors of law or fact. (*Matter of Colletti [Mesh]*, 23 A D 2d 245, 248, affd. 17 N Y 2d 460.) As to the contention of Dr. Besen that the arbitrators were without power to award damages greater than $4,000, the contract limitation applies to a particular situation only, which situation the arbitrator found not to be involved. In this connection, it is interesting to note that in his own demand for arbitration said doctor sought " $40,000.00 in damages for breach of contract." The court below correctly pointed out that the record is barren of any facts indicative of misconduct or partiality. Under the circumstances, Special Term was without power to disturb the award. Concur — Stevens, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.