■ Francis M. Comins, Appellant, v County of Delaware, Respondent. —Appeal from so much of an order of the Supreme Court at Special Term, entered June 15, 1977 in Delaware County, which dismissed the second and third causes of action of plaintiff's complaint. Plaintiff was appointed to the office of Commissioner of Social Services of Delaware County for the five-year term commencing on June 1, 1972. In 1975, plaintiff was indicted for

the crimes of official misconduct and coercion in the second degree. A motion to dismiss the indictment was made pursuant to CPL 210.20 and 210.30. On April 16, 1976, the motion to dismiss was granted by Mr. Justice Robert A. Harlem, Acting County Court Judge for Delaware County. On June 9, 1976, the Social Services Committee of the Board of Supervisors of Delaware County filed charges for removal of plaintiff from his office as Commissioner of Social Services, which charges were amended on July 20, 1976. After hearings conducted pursuant to section 75 of the Civil Service Law and section 400 (subd 4, par [a]) of the County Law before the board of supervisors, plaintiff was dismissed on February 7, 1977 from the office of Commissioner of Social Services. On December 23, 1976, plaintiff commenced this action against the county to recover, among other things, legal expenses incurred in the sum of $4,000 in defending the criminal action, and the sum of $10,244.20 in defending the removal proceeding. Special Term granted summary judgment dismissing these two causes of action. We affirm. There is no statute or regulation which authorizes a municipality to reimburse a public official for expenses in defending a criminal action against him. Subdivision 2 of section 409 of the County Law provides: "2. All damages recovered against, or costs and expenses lawfully incurred by any officer whose compensation is paid from county funds in the prosecution or defense of any civil action or proceeding brought by or against him for an official act done or for failure to perform an official act shall be a county charge and shall be audited and paid in the same manner as other county charges. When the act upon which the action or proceeding is based was done in good faith, but without authority of law or authorization of the board of supervisors, the board of supervisors may audit and pay the same as other county charges." "It has been held repeatedly that there is no constitutional power to reimburse a public officer for expenses incurred in defending criminal prosecutions for official acts or omissions, unless a statute provides therefor in advance." (*Schieffelin v Henry,* 123 Misc 792, 795, affd 211 App Div 850; cf. *Matter of Guarino v Anderson,* 259 NY 93; *Matter of Chapman v City of New York,* 168 NY 80.) Plaintiff has shown no prospective statute authorizing recovery of the expenses incurred in the criminal action. Section 409 of the County Law authorizes reimbursement for civil, not criminal, defense expenses. Plaintiff's defense in the criminal action was for his own private purpose of preserving his liberty. It has also been held that a public officer is not entitled to reimbursement for expenses incurred in a removal proceeding against him. "In the absence of express statutory authority, a municipality is not liable for payment of the value of legal services rendered to a municipal officer who successfully sues to be reinstated after wrongful removal from office." (*Leo v Barnett,* 48 AD2d 463, 464, affd 41 NY2d 879.) Defendant's motion for summary judgment dismissing the causes of action seeking recovery of expenses for his criminal defense and removal proceedings was properly granted. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.