OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The arbitrator having found petitioner guilty of releasing an impounded car without authority and filing a false report, among other charges, also found in light of petitioner’s prior good record as a police officer that dismissal was not warranted, and imposed a penalty of suspension without pay, the net effect of which was loss of salary and holiday pay of $14,486. Binghamton Civ. Serv. Forum v City of Binghamton (44 NY2d 23) requires confirmation of that award unless it can be said that in failing to order petitioner’s discharge the arbitrator exceeded his powers.
Special Term held and the Appellate Division agreed that the arbitrator did not exceed his powers. The city on this appeal argues that petitioner having been indicted on a charge of official misconduct (Penal Law, § 195.00) and pleaded guilty to disorderly conduct (Penal Law, § 240.20) has forfeited his office by reason of section 30 of the Public Officers Law that it is contrary to public policy as declared in that section for him to continue in office, and that, therefore, the arbitrator must be held to have exceeded his powers. While we recognize the force of the argument that the filing of a false report involves a violation of a policeman’s sworn duty we conclude that as section 30 is presently worded it does not fix public policy at the standard for which the city argues.
Section 30 (subd 1, par e) provides that a public office shall become vacant upon a public officer’s "conviction of a felony, or a crime involving a violation of his oath of office”. What constitutes a felony or a crime within the meaning of that provision is determined by the definitions of the Penal Law (cf. Matter of Gunning v Codd, 49 NY2d 495; see McKinney’s Cons Laws of NY, Book 1, Statutes, § 230). Disorderly conduct *996 is stated by section 240.20 of the Penal Law to be a "violation”. Section 10.00 of the Penal Law distinguishes between a "violation”, a "misdemeanor” and a "felony” and defines a "crime” as "a misdemeanor or a felony” (subd 6). It follows that disorderly conduct is not a crime within the meaning of section 30.
There is a further reason why section 30 does not mandate termination of petitioner’s office. Petitioner was accused of acts violative of his oath of office but convicted only of disorderly conduct. Without listing the seven categories of acts which fall within the definition of disorderly conduct, it is sufficient to note that none are even remotely connected with petitioner’s oath of office. While plea bargaining permits pleading to hypothetical crimes (cf. People v Serrano, 15 NY2d 304), what triggers the forfeiture provision of section 30 is only a "conviction”. Though a guilty plea is a "conviction” under that section, petitioner’s plea was to a violation rather than to a crime.
For the foregoing reasons, confirmation of the award was proper.