OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioners seek confirmation of an arbitration award rendered September 13, 1982 and an order directing respondents to comply with the terms set forth therein. Upon the return of the order to show cause, respondents moved to dismiss the petition upon the grounds that it is insufficient as a matter of law and fails to state a cause of action. By order dated September 30, 1982, this court denied respondents’ motion. The petition was thereafter renoticed for submission on October 21, 1982.
Petitioners Schwartz, Gardy and Maxwell were indicted by an Albany County Grand Jury on February 19, 1982 as the result of accusations of criminal conduct in relation to petitioners’ employment as correction officers at the Albany County Jail. Petitioner Maxwell had been previously suspended, and following the indictments by the Grand *767 Jury, petitioners Schwartz and Gardy were also suspended without pay.
Petitioners Schwartz, Gardy and Maxwell are members of petitioner Security and Law Enforcement Employees, District Council 82, American Federation of State, County and Municipal Employees, AFL-CIO (Council 82). Pursuant to the provisions of the collective bargaining agreement between the parties hereto, petitioners Schwartz and Gardy filed grievances challenging the respondent Albany County Sheriff’s failure to follow the mandates of the collective bargaining agreement which purported to require that disciplinary charges be brought before any suspension without pay. Ultimately (the grievances having been denied at the initial stages) arbitration was demanded and held in due course. On September 13,1982, the arbitrator made an award which is the subject of this proceeding.
There are two separate portions of the award which respondents seek to vacate. They claim that the award should be vacated insofar as it directs payment to petitioners Schwartz and Gardy for the period of their suspensions subsequent to May 1, 1982, upon the ground that the arbitrator exceeded his power. They further seek to vacate that portion of the award which directs them to pay attorney’s fees for the defense of the criminal indictments against petitioners Schwartz, Gardy and Maxwell, upon the ground that such an award is violative of public policy.
On a motion to confirm or vacate an arbitration award, the function of the court is to ascertain whether the arbitrator exceeded his powers or so imperfectly executed them as to require its vacatur. The appropriateness or wisdom of the award is not to be considered (Matter of States Mar. Lines v Crooks, 13 NY2d 206). CPLR 7511, as the remedy set forth by statute, must be strictly construed. The arbitrator’s award is not reviewable by this court for errors of law or fact (Matter of Shevell v Besen, 29 AD2d 751). Indeed, the clear policy of the State of New York is to encourage the utilization of arbitration as a means to settle disputes such as the one at bar. “If the moving party cannot establish one of the statutory grounds, the award must be confirmed * * * and the burden of justifying vacatur is upon *768 the petitioner” (Matter of Civil Serv. Employees Assn. v State of New York, 80 AD2d 970).
The Sheriff of Albany County certainly has the power to suspend any employee who has criminal charges preferred against him or her. However, as the arbitrator plainly determined, any such suspension must comply with the mandates of the negotiated collective bargaining agreement. Thus, the arbitrator’s determination to afford petitioners’ back pay until compliance with these requirements, cannot be viewed as in excess of his powers, given the broad spectrum within which he may operate in fashioning relief to the parties before him (De Paulo v City of Albany, 49 NY2d 994).
Respondents also contend that the arbitrator’s award of legal fees is a violation of public policy absent a statute which expressly authorizes such an award. Indeed, it is clear that unless so provided by statute, there is no constitutional authority to pay the expenses of a public officer incurred in defending criminal prosecutions (Comins v County of Delaware, 66 AD2d 931). However, petitioners Gardy, Schwartz and Maxwell are not public officers within the meaning of Comins (supra). They are union members who bargained for, and received, the contractual right to reimbursement for legal fees incurred in job-related litigation, which agreement was specifically ratified by the Albany County Legislature. Thus, the prohibition against reimbursement of public officers has no applicability to the case at bar. Respondents cannot now avoid this contractual obligation by resort to a determination that the provision was void from its inception due to “public policy”. (Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23, 29-30).
Respondents have failed to establish any of the statutory grounds for vacating or modifying the award of the arbitrator, and accordingly, said award shall be confirmed.