■ In the Matter of the Arbitration between SECURITY AND LAW ENFORCE-MENT EMPLOYEES, DISTRICT COUNCIL 82, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., Respondents, and COUNTY OF ALBANY et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered November 30, 1982 in Albany County, which, *inter alia,* granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award. Petitioner Local 775, AFSCME, AFL-CIO, of petitioner Security and Law Enforcement Employees, District Council 82, AFSCME, AFL-CIO, and respondents County of Albany and Albany County Sheriff were parties to a collective bargaining agreement for the period January 1, 1981 through December 31, 1982, which agreement covered, *inter alia,* correction officers. The individual petitioners herein, Robert Schwartz, Eugene C. Gardy and William Maxwell, were formerly employed as correction officers at the Albany County Jail and consequently were covered by the subject agreement. On February 19, 1982, these individual petitioners were indicted by an Albany County Grand Jury on four counts of official misconduct (Penal Law, § 195.00, subds 1, 2), two counts of assault in the third degree (Penal Law, § 120.00, subd 1) and two counts of falsifying business records in the first degree (Penal Law, § 175.10). The charges arose out of an incident which involved an inmate at the jail and allegedly occurred on or about January 17, 1982 while the individual petitioners were on duty at the jail. As a result of the incident, petitioner Maxwell was suspended without pay from his position by respondent Sheriff on January 19, 1982 and petitioners Schwartz and Gardy were similarly suspended on February 19, 1982. The matter subsequently proceeded to trial and, on April 30, 1982, petitioners Schwartz and Gardy were acquitted on all but three counts, which were dismissed, while petitioner Maxwell was convicted on two counts of assault in the third degree and resigned his position. At the direction of the Trial Judge, the Grand Jury examined the testimony of petitioners Schwartz and Gardy at the trial for possible perjury with the result that these two petitioners were later indicted for perjury on June 22, 1982. The Sheriff continued their suspensions without pay pending the outcome of the perjury indictment and, ultimately, following a jury trial, these petitioners were convicted of the crime of perjury in the third degree (Penal Law, § 210.05) on November 19, 1982 and resigned their positions on December 10, 1982. Against this factual background the two employee grievances at issue on this appeal must be considered. One of the subject grievances, which was filed by petitioners Schwartz and Gardy, alleged that each was suspended without pay in violation of section 1 of article VI of the collective bargaining agreement which reads as follows: "It is understood and agreed that no member of the bargaining unit shall be removed or otherwise subjected to any disciplinary penalty except for incompetency or misconduct. Where the Sheriff or his designee seeks the imposition of a loss of leave credits or other privilege, written reprimand, fine, suspension without pay or dismissal from service, notice of such discipline shall be made in writing and served in person or by registered or certified mail upon the employee. The employee shall be provided with two (2) copies of any notice of

discipline being served upon him/her. The conduct for which discipline is being imposed and the penalty proposed shall be specified in the notice. The notice served on the employee shall contain a detailed description of the alleged acts and conduct including references to dates, times and places." As relief, the two petitioners sought immediate reinstatement with no loss of pay or leave credits. The second grievance, filed by all three individual petitioners, is premised upon the denial of their request that Albany County provide them with legal counsel for the defense of the indictments against them.[1] Petitioners alleged that the denial of this request was in violation of section 1 of article XXVIII of the agreement which provided that: "The employer will provide and pay for legal counsel for the defense of any employee against whom a civil or criminal complaint is filed for alleged false arrest or abuse of power, in the performance of job related duties." The remedy sought by this grievance was "payment in full by Albany County of all attorneys' fees, costs and disbursements incurred in the defense of the indictments". After the two grievances were denied at all the steps in the grievance procedure prior to arbitration, the individual petitioners demanded arbitration and were accorded a hearing on their claims during July of 1982, and a decision and arbitration award were subsequently rendered on September 13, 1982. With regard to the challenged suspensions, the arbitrator awarded petitioners Schwartz and Gardy back pay from May 1, 1982, the day following their acquittal, until the date of the award and, thereafter, their regular pay until the Sheriff withdraws any penalties imposed by him arising out of the January 17, 1982 incident "or until any ultimate disciplinary penalties imposed upon such grievants by the Sheriff for such incidents are finally disposed of by the grievance-arbitration machinery of the collective bargaining agreement", excluding any delays caused by petitioners. As for the requested reimbursement of legal expenses, the arbitrator ruled that either the Sheriff or the County of Albany was to pay petitioner Maxwell's expenses in the sum or $7,065 and petitioners Schwartz' and Gardy's expenses in the total amount of $10,356.34. Seeking confirmation of this award, petitioners then commenced the instant proceeding, and respondents answered the petition after their motion for the dismissal thereof for failure to state a cause of action was denied. In their answer, they sought to vacate the award insofar as it directed them to pay petitioners Schwartz and Gardy during the pendency of their suspensions on the ground that the arbitrator exceeded his powers and insofar as it directed payment of attorney's fees on the ground that this violated public policy. At Special Term, the court rejected these arguments and confirmed the award. The present appeal ensued. We hold that the challenged judgment of Special Term should be affirmed and, in so ruling, find unpersuasive respondents' contention that the arbitrator exceeded his powers in awarding petitioners Schwartz and Gardy back pay for the period of their suspensions. It is clear that, pursuant to article V (§ 1, subd [B]) of the collective bargaining agreement, the arbitrator was empowered to resolve a dispute as to the meaning of the clause at issue in this grievance, i.e., section 1 of article VI. Moreover, from an examination of the record and a reading of the arbitrator's decision, it is likewise evident that the arbitrator concluded that the suspensions in question were in violation of section 1 of article VI of the agreement, and even if his resolution of this question was erroneous, it would not justify a vacation of the award (*Matter of Sprinzen* [*Nomberg*], 46 NY2d 623). Given these circumstances and recognizing an arbitrator's broad discretion and flexibility in shaping a remedy to achieve a just result (*Matter of Board of Educ.* [*Hess*], 49 NY2d 145), we would not be justified in holding that the arbitrator exceeded his powers here by

---

1. No payment is sought from Albany County by petitioners Schwartz and Gardy for the legal expenses of their defense against the later perjury indictment.

awarding the two petitioners back pay as a remedy for their grievances. Similarly without merit is respondents' contention that the arbitrator's granting of attorney's fees to the three individual petitioners for the defense of criminal indictments violated public policy. Although such reimbursement would constitute an impermissible donation from the public purse in instances where there is no prior legal obligation on the part of the State or a municipality to provide reimbursement, the reimbursement is proper and considered additional remuneration where there is a prior legal obligation (cf. *Corning v Village of Laurel Hollow,* 48 NY2d 348),[2] and a contrary result is not mandated in the present instance merely because the county's prior obligation was contractual rather than statutory (cf. *Piro v Bowen,* 76 AD2d 392, mot for lv to app den 52 NY2d 702). Furthermore, neither the collective bargaining agreement nor the public policy of this State requires that the individual petitioners show that the acts giving rise to the criminal charges against them were undertaken in good faith before reimbursement of their legal expenses can be made by respondents (cf. Education Law, § 3028). Judgment affirmed, without costs. Main, J. P., Yesawich, Jr., and Levine, JJ., concur.

Mikoll and Weiss, JJ., concur in part and dissent in part in the following memorandum by Weiss, J. Weiss, J. (concurring in part and dissenting in part). While we agree with the arbitrator's award of back pay to petitioners because their suspension was in violation of section 1 of article VI of the collective bargaining agreement, we are unable to accept any rationale which would require respondents to pay petitioners' counsel fees for defense of the criminal charges against them. It is clear that correction officers are local public officers (Public Officers Law, § 2; see *Matter of Winkler v Sheriff of Queens County,* 256 App Div 770; see, also, *Whitmore v State of New York,* 55 AD2d 745, 746, mot for lv to app den 42 NY2d 810) and bound by the obligations imposed under law. The collective bargaining agreement recognizes that petitioners are correction officers (art I, recognition), and when discharging criminal duties they are in the service of the public (see *Isereau v Stone,* 3 AD2d 243, 246). " 'It has been held repeatedly that there is no constitutional power to reimburse a public officer for expenses incurred in defending criminal prosecutions for official acts or omissions, unless a statute provides therefor in advance.' " (*Comins v County of Delaware,* 66 AD2d 931, 932, quoting from *Schieffelin v Henry,* 123 Misc 792, 795, affd 211 App Div 850.) There is no statute in existence covering the instant situation. Section 409 of the County Law was enacted to provide indemnification of damages, costs and expenses incurred by a county level officer as the result of a *civil* suit against him in his official capacity. No such statute exists for criminal prosecutions. Nor can it be logically said that the collective bargaining agreement intended to cover criminal acts committed by those covered. No one can dispute the obvious intent of section 1 (false arrest claims) of article XXVIII (indemnification), which was to provide and pay the cost of defense for a covered person against whom a claim of false arrest or abuse of power in the performance of job-related duties was made *by an inmate.* It would extend logic *ad absurdum* to hold that the parties intended that petitioners be paid counsel fees to defend themselves against prosecution for acts not in performance of their duties, but crimes they themselves had committed. In this context, examination of the indictment shows eight separate counts which include assaults upon an inmate, official misconduct in taking an inmate to a prohibited area for the express purpose of assaulting him, and falsifying the jail

---

**2.** Though, as respondents point out, *Corning v Village of Laurel Hollow* (48 NY2d 348) involved payment of counsel fees for a civil defense, the same principle is applicable to payment of counsel fees for a criminal defense (see, e.g., *Matter of Kane v McClellan,* 110 App Div 44).

records to conceal what had been done. While an arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629) and it may not be overturned because the court believes the arbitrator has misconstrued the apparent, or even the obvious, meaning of the contract (*Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d 1007, 1009), nevertheless, an award which violates public policy will not be permitted to stand (*Matter of Sprinzen [Nomberg]*, supra, p 630). We recognize the limitations upon judicial review of an arbitrator's decision which preclude a court from substituting its judgment for that of the arbitrator (see *Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 30). However, public policy cannot be said to tolerate either the commission of overt criminal acts or the *carte blanche* subsidization of defense for such acts by those holding public office, obviously not "in the performance of job related duties". In essence, there was no prior legal obligation on the part of the county to provide reimbursement for the defense of a criminal act, which can only be construed as a purely private matter and not within "the performance of job related duties" as required by section I of article XXVIII of the agreement. There being no statutory or contractual authority for reimbursement, it is our view that payment of petitioners' attorney's fees would constitute a gift of public funds for purely private purposes, a matter expressly prohibited by our Constitution (NY Const, art VIII, § 1; see *Corning v Village of Laurel Hollow*, 48 NY2d 348). Accordingly, the arbitrator's award of attorney's fees should be vacated as violative of public policy. It is both significant and appropriate to reiterate the words expressed by Judge Wachtler in two cases before the Court of Appeals. "The basic tenor and direction of ethical standards governing conduct in municipal government should neither be molded by the pressures of collective bargaining nor left to the discretion of individual arbitrators" (*Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 31-32, supra [Wachtler, J., dissenting]). It is essential that the determination of whether the misconduct of a policeman requires removal: "be made only by those persons entrusted by the public with that responsibility. Only those persons may be assumed to have in mind the public interest of the community, and only they are directly answerable to that community. That they should be permitted to bargain away that responsibility and allow a labor arbitrator to make such a decision is a grievous disservice to the public" (*De Paulo v City of Albany*, 49 NY2d 994, 996-997 [Wachtler, J., concurring]). So too here, public policy should not be outraged by permitting the decision of a labor arbitrator to reward criminal conduct of correction officers by payment of defense costs in a prosecution to punish that very criminal conduct. The award should be modified by deleting the provision for reimbursement of defense attorney's fees, and, as so modified, affirmed. [116 Misc 2d 766.]