■ In the Matter of JOHN H. LAMB, Appellant, v WEST-MORELAND CENTRAL SCHOOL DISTRICT, Respondent.—Order unanimously affirmed without costs. Memorandum: Petitioner, a teacher employed by respondent school district, commenced a CPLR article 78 proceeding seeking to recover legal fees expended to defend himself successfully against a criminal charge of sexual abuse brought by one of his students. Supreme Court properly dismissed the petition. There is statutory authority for a school district to provide a teacher with a defense in a criminal proceeding only if the criminal action or proceeding arises "out of disciplinary action taken against any pupil" (Education Law § 3028). Petitioner concedes that this charge did not arise out of any disciplinary action he took against this student *(cf., Matter of Cutler v Poughkeepsie City School Dist.,* 73 AD2d 967). Absent statutory authority, a public employer is not required to pay attorney's fees for its employees to defend legal actions even if the actions arise from acts performed in their official capacity. To do so would be to make a gift of public funds for a private purpose, explicitly prohibited by NY Constitution, article VII, § 8 *(see, Corning v Village of Laurel Hollow,* 48 NY2d 348; *Matter of Security & Law Enforcement Employees [County of Albany],* 96 AD2d 976, 978, *affd* 61 NY2d 965; *Comins v County of Delaware,* 66 AD2d 931, 932). (Appeal from judgment of Supreme Court, Oneida County, Tenney, J.—art 78.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.