In the Matter of BRIAN ARRINGTON BOYD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 10, 1990

### APPEARANCES OF COUNSEL

*Charles M. Guria* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in New York by the First Judicial Department on November 8, 1982 and at all relevant times was employed in a law office within the First Judicial Department.

On November 29, 1989, respondent pleaded guilty to one count of grand larceny in the second degree, a class C felony. He is presently awaiting sentencing.

Although respondent requested an adjournment in order to obtain counsel or proceed *pro se,* which was granted, respondent has not interposed a response to the petition.

New York Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

By his plea respondent stands convicted (CPL 1.20 [13]) of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony. Pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney by operation of law upon his conviction of grand larceny in the second degree which is classified as a felony under the laws of this State. Although sentencing has not, as yet, been imposed, he was automatically disbarred upon entry of his plea of guilty on November 29, 1989 *(Matter of Cohen,* 107 AD2d 189; *Matter of Swirsky,* 103 AD2d 195).

Accordingly, the motion to strike respondent's name from the roll of attorneys is granted and respondent's name is stricken from the roll of attorneys and counselors-at-law, nunc pro tunc as of November 29, 1989.

MURPHY, P. J., SULLIVAN, CARRO, WALLACH and RUBIN, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.