■ In the Matter of JOHN DUFFY, Respondent, v BENJAMIN

WARD, as Police Commissioner of the City of New York, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered September 26, 1989, which, *inter alia,* granted the petition to the extent of directing the respondents to reinstate petitioner to his position as a New York City police officer, is reversed, on the law, the petitioner's application denied and the petition dismissed, without costs or disbursements.

At issue on this appeal is whether petitioner's conviction of criminal trespass in the second degree, which is a misdemeanor, provides a basis for summary dismissal of petitioner from the New York City police force as a "crime involving a violation of his oath of office", pursuant to Public Officers Law § 30 (1) (e).

Petitioner, a police officer since January, 1984, was off duty when he was involved in a traffic dispute with one Leon DiLeonardo.

When DiLeonardo retreated to his house nearby, petitioner followed him inside his home, into a common hallway shared with DiLeonardo's tenant, Carmen Valencia. According to DiLeonardo, DiLeonardo's wife and Valencia, petitioner was abusive, grabbing DiLeonardo by the collar, and kicking Valencia's door, knocking off the lock. DiLeonardo's wife admitted that she then struck petitioner with the lock, purportedly because he had drawn his gun. Petitioner, at that point, backed out of the premises, with his gun out and aimed at the three witnesses.

Petitioner claimed that he drew his weapon only after DiLeonardo's wife hit him with the lock.

After non-jury trial in Queens Criminal Court, petitioner was acquitted of criminal mischief and menacing, but convicted of criminal trespass in the second degree. Criminal trespass in the second degree is committed when a person knowingly enters or remains unlawfully in a dwelling. (Penal Law § 140.15.) At sentencing, the court stated for the record that he did not believe that petitioner's conduct warranted dismissal from the police force.

Petitioner was nevertheless terminated (without an administrative hearing) effective January 14, 1988, the date of his conviction.

The Supreme Court granted the instant petition to vacate the termination *(Matter of Duffy v Ward,* 143 Misc 2d 851). The court reasoned that all misdemeanor convictions could not have been intended to warrant automatic dismissal under

the Public Officers Law. It opined that bribery, accepting illegal gratuities, and false swearing would unquestionably violate an oath of office, but that trespass in the heat of a private dispute would not *(supra,* at 853).

We agree with the IAS court that all misdemeanor convictions do not support automatic termination under Public Officers Law § 30 (1) (e). However, we do not agree with the application of that principle to the instant matter. Public Officers Law § 30 (1) (e) automatically terminates the office holder's position upon conviction of a felony or a crime involving a violation of his oath of office. The statute applies to police officers *(see, Matter of Briggins v McGuire,* 67 NY2d 965, 967).

In *De Paulo v City of Albany* (49 NY2d 994, 996), the court held that a police officer's conviction for disorderly conduct did not trigger the statute, since, first, disorderly conduct is only a violation, not a crime, and secondly, none of the Penal Law definitions of disorderly conduct "are even remotely connected with petitioner's oath of office". In *De Paulo,* the Court of Appeals, in looking to the crime to which the officer pleaded guilty, rather than to the conduct alleged, indicated that the court should focus on the crime for which the officer was actually convicted.

Respondents contend, and it has not been shown to the contrary, that it has never been held as found by the IAS court that the operation of the statute is confined solely to misdemeanors involving "moral integrity", such as bribes or perjury *(Matter of Duffy v Ward, supra,* at 852-853). Thus, they show that its operation has extended to a misdemeanor assault of a person in custody *(Matter of Farnworth v Ward,* Sup Ct, NY County, Index No. 20131/86 [Dontzin, J.], *affd without opn* 141 AD2d 1011, *lv denied* 72 NY2d 810) or to a misdemeanor conviction for reckless endangerment arising out of a high speed car chase *(Matter of DeCaro v Ward,* Sup Ct, NY County, Index No. 19130/85 [Stecher, J.], *affd without opn* 134 AD2d 967).

Petitioner's lengthy argument that he was justified in entering the premises improperly attempts to challenge the underlying conviction.

By his conviction, it was found that petitioner entered private premises unlawfully prolonging a dispute when his adversary had retreated, an act clearly violative of his oath to protect property. Under these circumstances, the conviction was properly held by respondents to constitute a crime involv-

ing a violation of his oath of office within the meaning of Public Officers Law § 30 (1) (e). Concur—Sullivan, J. P., Asch and Kassal, JJ. Wallach, J., concurs in a separate memorandum and Kupferman, J., dissents in a memorandum as follows:

Wallach, J. (concurring). I join in the majority memorandum, and would simply add a brief response to the concerns raised by the dissent.

I do not read *De Paulo v City of Albany* (49 NY2d 994), which involved a conviction for the mere violation of disorderly conduct, as standing for the proposition that CPLR article 78 review of a dismissal from the police force is limited solely to facial consideration of a criminal conviction. Here we have a conviction for criminal trespass in the second degree, a class A misdemeanor, after a trial at which petitioner testified in his own behalf. According to petitioner's own exculpatory version of the incident, he involved himself in an argument with a motorist, followed that person into his house, became engaged in a physical altercation, and drew his off-duty service revolver in the presence not only of the motorist but others in the building. These actions, in my view, constituted abuse of office, and thus a violation of petitioner's oath of office to uphold the law. At the very least, a finding to that effect is supported by substantial evidence and can hardly be viewed as arbitrary or capricious.

Kupferman, J. (dissenting). I would affirm.

The issue which divides us is whether the actions of petitioner constituted a crime involving a violation of his oath of office within the meaning of Public Officers Law § 30 (1) (e).

To find that the "oath of office" is not so implicated will prevent summary dismissal, but it will not, as the IAS court made clear, prevent "any other disciplinary or removal proceedings". (143 Misc 2d 851, 853.)

The oath of office for a police officer is no different than for any other public official. It reads, as follows: " 'I do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of [police officer], according to the best of my ability' " (NY Const, art XIII, § 1).

Under section 30 (1) (e) of the Public Officers Law, the office is considered vacant upon the incumbent's conviction of a felony or a crime involving a violation of his or her "oath of

office". In the case of a felony conviction the office is ipso facto rendered vacant, but what lesser crime triggers such action?

Criminal trespass in the second degree, of which petitioner was convicted, could just as well apply to entering a home without a valid warrant in search of contraband *(cf., Payton v New York,* 445 US 573). Would this be a violation of the officer's oath of office requiring automatic termination or merely a violation possibly inviting disciplinary proceedings?

A lawyer is automatically disbarred upon conviction of a felony (Judiciary Law § 90 [4]; *Matter of Mitchell,* 40 NY2d 153; *Matter of Boyd,* 157 AD2d 136), but if the conviction is not for a felony but for a serious crime, there is generally a hearing on the issue of the appropriate sanction.

The Second Department has recently held, in a 3-2 decision, that a plea to the misdemeanor charge of driving while intoxicated, where an off-duty police officer was in a car accident in which a pedestrian was killed and another injured, is not an oath of office violation *(Matter of Sharkey v Police Dept.,* 179 AD2d 655). The majority in that case found a substantial question regarding proximate cause in relation to the tragic consequences. The minority considered that the vow was faithfully to uphold the State's law.

In *De Paulo v City of Albany* (49 NY2d 994), a guilty plea to disorderly conduct by a police officer accused of acts violative of his oath of office was held not to be a basis for automatic termination pursuant to section 30, albeit disorderly conduct is a "violation" and not a "crime" (Penal Law §§ 240.20, 10.00 [3], [6]).

An "oath" is a declaration of conscience and an acknowledgment of responsibility to a deity. *(See,* Black's Law Dictionary 1071 [6th ed].) It implicates a high standard of morality.

The President of the United States takes a similar oath to that of a police officer (US Const, art II, § 1, cl 7), as does the Governor of the State, the members of the State Legislature, the Judges of the Court of Appeals and as do we. *(See,* NY Const, art XIII, § 1.) Were it not for the fact that it has been held that section 30 does not apply to judicial officers *(Matter of La Carrubba v Klein,* 46 NY2d 1009, *affg for reasons stated in majority opn* 59 AD2d 99; *see,* NY Const, art XIII, § 5), would we so readily state that our office would automatically vacate should we be convicted of the misdemeanor of criminal trespass?

The question answers itself.