In a proceeding pursuant to CPLR 7511 to confirm an arbitration award, the Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated May 9, 2012, which, inter alia, granted the petition.
Ordered that the order is affirmed, with costs.
In the arbitration award at issue, the arbitrator determined that the Town of Huntington breached a collective bargaining agreement by failing to pay certain legal fees on behalf of the grievant. The Supreme Court properly concluded that the arbitrator’s determination did not clearly violate a strong public policy, was not totally or completely irrational, and did not manifestly exceed a specific, enumerated limitation on the *744 arbitrator’s power (see Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729 [2009]). Although the payment of a public employee’s legal fees “would constitute an impermissible donation from the public purse in instances where there is no prior legal obligation on the part of the State or a municipality to provide reimbursement, the reimbursement is proper and considered additional remuneration where there is a prior legal obligation” (Matter of Security & Law Enforcement Empls., Dist. Council 82 [County of Albany], 96 AD2d 976, 978 [1983], affd 61 NY2d 965 [1984]). In this instance, the relevant collective bargaining agreement expressly created a prior legal obligation on the part of the Town to pay the subject legal fees incurred by the grievant (see Matter of Security & Law Enforcement Empls., Dist. Council 82 [County of Albany], 96 AD2d 976 [1983]; cf. Zimmer v Town of Brookhaven, 247 AD2d 109 [1998]).
The Town’s remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the petition to confirm the arbitration award.
Skelos, J.E, Austin, Sgroi and LaSalle, JJ., concur.